Davis, Judge,
delivered the opinion of the court:
In May 1957 the Air Force called for bids to construct 500 Capehart Act housing units at Foster Air Force Base in Texas. Attached to the invitation were various documents later to be executed, including forms of the letter of acceptability to be issued by the Government to the successful bidder and of the housing contract to be signed by the parties at a subsequent time. On June 20, 1957, plaintiff submitted a bid of $7,351,650 for construction of the project under the Capehart Act plan (see G. L. Christian and Associates v. United States, 160 Ct. Cl. 1, 12-13, 312 F. 2d 418, 424-25 (1963), cert. denied, 375 U.S. 954). This was determined to be the lowest acceptable bid and on July 23, 1957, the Air Force gave plaintiff a letter of acceptability. This informed plaintiff (called the eligible builder) that its bid was the lowest acceptable one and was therefore accepted. In this fashion plaintiff was designated the construction contractor for the project. The letter also said that plaintiff was required, among other things, to perform the following by the closing date of September 25, 1957: (1) form two mortgagor-builder corporations[1]; (2) arrange for financing by a lender, secured by a mortgage, for the total cost of construction including profit; (3) cause the mortgagee to obtain mortgage-insurance commitments from the Federal Housing Administration; (4) cause the mortgagor-builders to be *568 ready to lease the project-land from the United States; and (5) be ready to execute a four-party housing contract (to be signed by plaintiff, two mortgagor-builders, and the United States). The letter of acceptability also provided that plaintiff’s failure to perform all of its obligations prior to the closing date would be just cause for cancelling all the Government’s commitments and for the recovery by the United States of liquidated and actual damages; in connection with the cancellation provision the letter established a disputes procedure for challenging the determination that plaintiff had failed in its undertakings.
After issuance off this letter of acceptability, plaintiff proceeded to comply with the obligations prescribed in that document. By August 22, 1957, it had apparently done everything required, except for the execution of the papers at the closing (e.g., leases, housing contract, payment and performance bonds) and the payments to be made by it incident to the closing. However, on August 28, 1957, the Defense Department announced that certain military installations would be closed, including Foster Air Force Base. With the closing of the base the Air Force no longer needed housing for personnel there, and on September 6', 1957, it wrote plaintiff that the letter of acceptability was withdrawn because the housing pro j ect had been cancelled. At that time, of course, the housing contract had not been executed and no construction work had been begun.
Plaintiff made claim for costs it had incurred and also for loss of anticipated profits which it said it would have earned on the housing contract if the project had not been cancelled. Settlement by agreement with the Air Force foundered over the issue of recovery of the anticipated profits. The matter was referred to the General Accounting Office. In September 1959, the Comptroller General allowed certain of the items of expense (totaling $19,905) and disallowed others as unproved or unsubstantiated. He refused to pass upon the claim for anticipated but unearned profits, and on that question remitted the claimant to this court.
Suit was filed in September 1960 seeking (a) alleged cost and expense items not granted by the General Accounting Office, and (b) a sum of upwards of $700,000 in profit which *569 plaintiff asserts it would have made in building the housing project. Both parties have moved for summary judgment, addressing themselves almost entirely to the issue of anticipated profits.
These profits would have been made on the construction of the Capehart Act housing units under the housing contract which the plaintiff and the defendant would have signed if the letter of acceptability had not been withdrawn. In G. L. Christian and Associates v. United States, supra, we held that such Capehart Act housing contracts must be read to include the standard-form article for termination for the convenience of the Government required at the pertinent time by Section 8.703 of the Armed Services Procurement Regulations (ASPR). In an additional opinion on the motion for rehearing in Ohristian we are today confirming that ruling.[2] The standard-form article allows a profit on work actually done under the construction contract. But the plaintiff has performed no work under such a contract and does not claim that it performed any work. The project, and its participation in the project, were ended before that time. It is therefore not entitled to recover any profit under the housing contract. The gain it asks the court to award consists entirely of the anticipated but unearned variety; that type of recovery was not allowed to the contractors in Ohristian (who had executed a housing contract and begun construction) and by like token is not allowable to plaintiff (which never reached the stage of signing a housing contract and commencing construction). For this reason we need not decide whether the defendant’s cancellation of the letter of acceptability constituted a termination of the housing contract (as plaintiff argues) or merely the cancellation of a preliminary agreement to make a housing contract (as defendant urges). In either case, the lawful measure of recovery bars anticipated but unearned profits.
Although the parties have barely touched on the claim for costs incurred under the letter of acceptability prior to its withdrawal, it is plain that those issues have not been re *570 solved. Defendant now admits that the letter of acceptability represented a binding agreement between the parties entitling plaintiff to recover at least its costs and expenses in the event of cancellation. Certain of those items have .been paid by defendant, but others are still in dispute. That controversy will have to be settled in proceedings under Rule 38(c).
Insofar as plaintiff seeks recovery of anticipated profits which it would have made under the housing contract if the project had been begun and completed, plaintiff’s motion for summary judgment is denied and defendant’s is granted. To the extent that plaintiff demands its costs and expenses properly incurred under, the letter of acceptability, it is entitled to recover; to that extent its motion for summary judgment is granted and defendant’s motion is denied; the amount of recovery, if any, will be determined under Rule 38(c).

 This project required two separate mortgagor-builders.

 The opinion on the rehearing motion in Christian takes account of the briefs and arguments made by the plaintiff and defendant in the present case on that issue. 160 Ct. Cl. 68, 320 F. 2d 345.